# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 96-2456

———————

Kevin Graeme Smith,                    *
Individually and as the                *
Representative of All                   *
Underwriters at Lloyd's,               *
                                        *
    Plaintiff - Appellee,        *
                                        *
    v.                           *   Appeal from the United States
                                        *   District Court for the
Shirley F. Henslin, dba                *   Western District of Arkansas.
CAR Transportation Company,            *
                                        *   **[UNPUBLISHED]**
    Defendant - Appellant,       *
                                        *
Golden Eagle Insurance Company,  *
                                        *
    Defendant - Appellee.        *

———————

Submitted:  January 16, 1997

Filed:  February 25, 1997

———————

Before LOKEN, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

———————

PER CURIAM.


From August 10, 1990, until September 10, 1992, insurance broker Steven M. Kennedy obtained errors and omissions insurance coverage from Golden Eagle Insurance Company ("Golden Eagle") on a claims made basis. From September 10, 1992, until February 2, 1993, Kennedy obtained similar coverage from the Underwriters at Lloyd's of London ("Lloyd's"). During these periods, Kennedy received large premium payments from his customer, Shirley Henslin, to pay for liability and cargo insurance for her interstate motor carrier business, CAR Transportation Company. In April 1995, after

the insurers procured by Kennedy denied coverage for numerous liability and cargo claims asserted against CAR, Henslin sued the insurers, Kennedy, Golden Eagle, and Lloyd's, seeking to hold some financially responsible party liable to provide the insurance Henslin thought she had purchased.

Henslin's lawsuit, ultimately dismissed by the district court for lack of federal jurisdiction, caused Lloyd's (represented by plaintiff Kevin Graeme Smith) to commence this lawsuit against Kennedy, Henslin, and Golden Eagle, seeking a declaratory judgment that Lloyd's need not indemnify nor defend Kennedy against Henslin's claims of broker malpractice. Kennedy, who is now incarcerated, defaulted. Henslin defended, opposing the relief requested by Lloyd's. Golden Eagle defended and cross-claimed against Henslin, asserting that it, too, has no obligation to indemnify or defend Kennedy against Henslin's claims.

Henslin now appeals the entry of judgment in favor of Lloyd's and Golden Eagle. As to Lloyd's, the district court[1] concluded that there is no coverage under the policy it issued to Kennedy because Henslin made no errors and omissions claims, and Kennedy gave Lloyd's no notice of any unasserted claims, during the policy period. As to Golden Eagle, the court first entered a default when Henslin failed to plead in response to Golden Eagle's cross claim. It then denied Henslin's motion to set aside the default because "there has been absolutely no attempt to show any cause, much less good cause, for the failure to timely respond." However, the court delayed entering judgment of default until after it granted summary judgment in favor of Lloyd's on the merits of its claim.

On appeal, Henslin first argues that the court erred in granting summary judgment in favor of Lloyd's because an insurer

---

The HONORABLE H. FRANKLIN WATERS, Chief Judge of the United States District Court for the Western District of Arkansas.

"may not disclaim liability based upon inactions of the insured" (Kennedy), and because the court in any event should not have relied upon Lloyd's affidavit stating that it had received no timely notice of claims. With a claims made policy, the insurer need not show it was prejudiced by the lack of timely notice because notice within the policy period "defines the limits of the insurer's obligation." Lexington Ins. Co. v. St. Louis Univ., 88 F.3d 632, 634 (8th Cir. 1996). Therefore, after careful review of the record, we affirm the grant of summary judgment for the reasons stated in the district court's May 16, 1996, Memorandum Opinion. See 8th Cir. Rule 47B.

Henslin next contends that the district court abused its discretion in entering default judgment in favor of Golden Eagle. Henslin argues that Golden Eagle was not prejudiced by Henslin's inadvertent failure to reply to Golden Eagle's cross claim, and it is therefore unjust to deprive Henslin of this substantial claim by default. However, Henslin ignores the fact that the district court delayed entering default judgment until it ruled on the merits of Lloyd's claim. Like Lloyd's, Golden Eagle issued claims made policies to Kennedy, and Henslin admitted to the district court -- albeit somewhat ambiguously -- that she could not recover from Golden Eagle if Lloyd's prevailed on the merits of the claims-made policy issue. In these circumstances, the district court did not abuse its discretion in entering default judgment in favor of Golden Eagle.

The judgment of the district court is affirmed.

A true copy.

        Attest:

            CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-